| Fill in this information to identify your case: | |
|---|---|
| United States Bankruptcy Court for the: | |
| DISTRICT OF DELAWARE | |
| Case number *(if known)* _____ | Chapter __11__ |

☐ Check if this an amended filing

## Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy    06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| 1. | Debtor's name | **Instantly, Inc.** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | |
|---|---|---|
| | Include any assumed names, trade names and *doing business as* names | **26-2246756** |

| 3. | Debtor's federal Employer Identification Number (EIN) | |
|---|---|---|

| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **4 Research Dr., Suite 300** **Shelton, CT 06484** | |
| | | Number, Street, City, State & ZIP Code | P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Fairfield** | **Location of principal assets, if different from principal place of business** |
| | | County | |
| | | | Number, Street, City, State & ZIP Code |

| 5. | Debtor's website (URL) | **https://www.dynata.com/** |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

| Debtor | **Instantly, Inc.** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5419**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. Check *all* that apply:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No.

☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☒ Yes.

| Debtor | **See Schedule 1** | Relationship | |
|---|---|---|---|
| District | | When | Case number, if known |

| Debtor | **Instantly, Inc.** | Case number (*if known*) |
|---|---|---|
| | Name | |

**11. Why is the case filed in this district?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes.    Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes.    Insurance agency _____
Contact name _____
Phone _____

---

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

(on a consolidated basis)

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

**15. Estimated Assets**

(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☒ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities**

(on a consolidated basis)

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50  million | ☒ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ☐ $100,000,001 - $500 million | ☐ More than $50 billion |

| Debtor | **Instantly, Inc.** | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **5/22/2024**
                MM / DD / YYYY

X    **/s/ Steven Macri**                         **Steven Macri**
     Signature of authorized representative of debtor    Printed name

Title    **Chief Financial Officer**

**18. Signature of attorney**

X    **Edmon L. Morton**                         Date    **5/22/2024**
     Signature of attorney for debtor                     MM / DD / YYYY

**Edmon L. Morton**
Printed name

**Young Conaway Stargatt & Taylor, LLP**
Firm name

**Rodney Square**
**1000 N. King Street**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone    **(302) 571-6600**        Email address    **emorton@ycst.com**

**3856 DE**
Bar number and State

**Schedule 1**

**Pending Bankruptcy Cases Filed by Affiliated Entities**

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.  Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Dynata, LLC | 92-0188807 |
| New Insight Holdings, Inc. | 38-4051844 |
| New Insight Intermediate Holdings, Inc. | 82-3686495 |
| Dynata Holdings Corp. | 20-8090668 |
| Research Now Group, LLC | 83-3397588 |
| SSI/Opiniology Interco LLC | 45-2561855 |
| iPinion, Inc. | 45-5249463 |
| Research Now, Inc. | 20-4005523 |
| SSI Holdings, LLC | 02-0666379 |
| New Insight International, Inc. | 83-2510453 |
| Imperium LLC | 06-1328375 |
| inBrain, LLC | 84-3268031 |
| Apps That Pay, LLC | 47-4569028 |
| inBrain Holdings, LLC | 84-4729696 |
| Branded Research, Inc. | 80-0879577 |
| ScreenLift.io, LLC | N/A |
| Research Now DE I, LLC | 27-3145528 |
| Research Now DE II, LLC | 27-3145613 |
| Instantly, Inc. | 26-2246756 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| DYNATA, LLC, *et al.*,[1] | Case No. 24-_____ (  ) |
| Debtors. | (Joint Administration Requested) |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING THE 30 LARGEST UNSECURED CLAIMS**

Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty (30) largest unsecured claims (the "Top 30 List") against Dynata, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"). This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation, (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed, or subject to a setoff; or (b) the listing of any claim as unsecured neither constitutes an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor constitutes a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[List appears on next page]

---

[1]    The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Dynata, LLC (8807), New Insight Holdings, Inc. (1844), New Insight Intermediate Holdings, Inc. (6495), Dynata Holdings Corp. (0668), Research Now Group, LLC (7588), SSI/Opiniology Interco LLC (1855), iPinion, Inc. (9463), Research Now, Inc. (5523), SSI Holdings, LLC (6379), New Insight International, Inc. (0453), Imperium LLC (8375), inBrain, LLC (8031), Apps That Pay, LLC (9028), inBrain Holdings, LLC (9696), Branded Research, Inc. (9577), Screenlift.io, LLC, Research Now DE I, LLC (5528), Research Now DE II, LLC (5613), and Instantly, Inc. (6756). The Debtors' headquarters is located at 4 Research Drive, Suite 300, Shelton, CT 06484.

Debtor name: Dynata, LLC
United States Bankruptcy Court for the District of Delaware

Case number (If known): _____

☐ Check if this is an
amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 Cint USA Inc 205 E 42nd St 19th Floor New York, NY 10017 United States | Attn: Giles Palmer Title: Chief Executive Officer Phone: (504) 264-5820 Email: giles.palmer@cint.com | Trade Payable | | | | $1,562,429.49 |
| 2 Prime Insights Group LLC 8 The Green Ste R Dover, DE 19902 United States | Attn: Benjamin Ritzka Title: Chief Executive Officer Email: b.ritzka@rika-netmarketing.com | Trade Payable | | | | $782,637.41 |
| 3 Amazon Web Services 410 Terry Avenue North Seattle, WA 98109-5210 United States | Attn: Adam Selipsky Title: Chief Executive Officer Phone: (800) 522-6645 Email: aselipsky@amazon.com | Trade Payable | | | | $779,350.30 |
| 4 Make Opinion GmbH Fredersdorfer Str 11 10243 Berlin, Germany | Attn: Christoph Maiwald Title: Chief Executive Officer Phone: 49 30 629370810 Email: cmaiwald@makeopinion.com | Trade Payable | | | | $770,501.40 |
| 5 BitBurst GmbH Lerchenweg 3 40789 Monheim am Rhein, Germany | Attn: Jan Asbach Title: Chief Executive Officer & Co-founder Phone: 49 1526 0000000 Email: jan.asbach@bitburst.net | Trade Payable | | | | $738,871.99 |
| 6 Innovate MR, LLC 23679 Calabasas Road #1038 Calabasas, CA 91302 United States | Attn: Lisa Wilding-Brown Title: Chief Executive Officer Phone: (888) 229-6664 Email: lisa@innovatemr.com | Trade Payable | | | | $409,057.13 |
| 7 DISQO, Inc. 400 N Brand Blvd 6th Fl Glendale, CA 91203 United States | Attn: Armen Adjemian Title: Chief Executive Officer & Co-founder Phone: (818) 287-7633 Email: armen@disqo.com | Trade Payable | | | | $366,845.65 |

Debtor Dynata, LLC                                                                      Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim. If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 8  SHI International Corp<br>290 Davidson Ave.<br>Somerset, NJ 08873 United States | Attn: Thai Lee<br>Title: President and CEO<br>Phone: (888) 764-8888<br>Email: thai_lee@gs.shi.com | Trade Payable | | | | $335,254.29 |
| 9  Salesforce.com<br>Salesforce Tower<br>415 Mission Street<br>3rd Floor<br>San Francisco, CA 94105 United States | Attn: Marc Benioff<br>Title: CEO<br>Phone: (800) 664-9073<br>Email: marcb@salesforce.com | Trade Payable | | | | $310,638.75 |
| 10  Borderless Access Panels<br>1455 NW Leary Way<br>Suite 400<br>Seattle, WA 98107 United States | Attn: Ruchika Gupta<br>Title: CEO/Founder<br>Phone: +91 80 4931 3800<br>Email: ruchika.gupta@borderlessaccess.com | Trade Payable | | | | $290,016.52 |
| 11  Hilton Honors<br>7930 Jones Branch Drive<br>McLean, VA 22102 United States | Attn: Christopher J. Nassetta<br>Title: President & Chief Executive Officer<br>Phone: (888) 446-6677<br>Email: chris.nassetta@hilton.com | Trade Payable | | | | $272,457.62 |
| 12  WebMD<br>395 Hudson Street<br>Third Floor<br>New York, NY 10014 United States | Attn: Robert N. Brisco<br>Title: Chief Executive Officer<br>Phone: (212) 624-3700<br>Email: bob.brisco@internetbrands.com | Trade Payable | | | | $269,574.00 |
| 13  WorldOne, Inc.<br>200 Park Avenue South<br>Ste 1310<br>New York, NY 10003 United States | Attn: Peter Kirk<br>Title: Chief Executive Officer<br>Phone: (866) 910-6279<br>Email: peter.kirk@sermo.com | Trade Payable | | | | $263,437.00 |
| 14  SS Holdings Group, LLC<br>101 Wood Avenue South<br>Iselin, NJ 08830 United States | Attn: Reed Cundiff<br>Title: Chief Executive Officer<br>Phone: (732) 906-1122<br>Email: reed.cundiff@schlesingergroup.com | Trade Payable | | | | $239,742.12 |
| 15  Leadgency Performance B.V.<br>Koperweg 11J<br>2401 LH<br>Alphen aan den Rijn,  Netherlands | Attn: Kimberley Van Der Helm<br>Title: Global Account Director<br>Phone: 31 (0)88 323 2015<br>Email: kimberley@leadgency.com | Trade Payable | | | | $216,409.58 |
| 16  Language Connect LLP<br>115 Broadway<br>New York, NY 10006 United States | Attn: Quentin Naylor<br>Title: Chief Executive Officer<br>Phone: +44 20 7940 8100<br>Email: qnaylor@languageconnect.net | Trade Payable | | | | $208,431.60 |

Debtor Dynata, LLC                                                                                    Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17 | Arroyo Media 530 S Lake St #250 Pasadena, CA 91101 United States | Attn: Brendan Cronin Title: COO Phone: (213) 632-9885 Email: brendan@arroyomedia.com | Trade Payable | | | | $179,972.50 |
| 18 | Unimrkt Response Inc 98 Cuttermill Road Suite 466 Great Neck, NY 11021 United States | Attn: Kanishk Sheel Title: Co-Founder & Managing Director Phone: (646) 712-9302 Email: kanishk.sheel@unimrkt.com | Trade Payable | | | | $176,177.50 |
| 19 | Arbela Technologies Corporation 6100 W. Plano Parkway Suite 1800 Plano, TX 75093 United States | Attn: Charlotte McCormick Title: President Phone: (404) 596-5383 Email: charlotte.mccormick@argano.com | Trade Payable | | | | $174,280.00 |
| 20 | MaxBounty ULC PO Box 17039 Ottawa, K4A 4W8 Canada | Attn: Matt McEvoy Title: Chief Executive Officer Phone: (613) 834-3955 Email: mattm@maxbounty.com | Trade Payable | | | | $173,406.00 |
| 21 | Conclave Market Research Pvt. Ltd. C Block Sahaj Avenue Ahmedabad Gujarat, 380051 India | Attn: Mayank Pandey Title: Executive Vice President Phone: 91 8826254440 | Trade Payable | | | | $169,173.70 |
| 22 | Paradigm Sample, LLC 921 Port Washington Blvd Suite 11 Port Washington, NY 11050 United States | Attn: Cyrus Deyhimi Title: CEO Phone: (877) 277-8009 Email: cyrus@paradigmsample.com | Trade Payable | | | | $160,117.09 |
| 23 | dataSpring Inc 3506 W. Montague Avenue Suite 101 N Charleston, SC 29418 United States | Attn: Kathy Johnson Title: Vice President Phone: (843) 824-0908 Email: kjohnson@dataspringinc.com | Trade Payable | | | | $158,136.40 |
| 24 | Prodege, LLC 2030 E Maple Avenue Suite 200 El Segundo, CA 90245 United States | Attn: Josef Gorowitz Title: Founder & President Phone: (310) 294-9599 Email: josef.gorowitz@prodege.com | Trade Payable | | | | $156,383.22 |
| 25 | Clear Link Technologies 42 Future Way Draper, UT 84020 United States | Attn: James Harrison Title: President Phone: (877) 698-0218 Email: james@clearlink.com | Trade Payable | | | | $145,014.53 |

Debtor Dynata, LLC

Case number (if known)_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 26 Elicit Research and Insights Inc 140 Broadway New York, NY 10005 United States | Attn: Sumit Gupta Title: Co-Founder and Director Email: sumit@elicitresearch.com | Trade Payable | | | | $131,448.22 |
| 27 Quest Global Research Group Inc 125 Lakeshore Road East #305 Oakville, ON L6J 1H3 Canada | Attn: Greg Matheson Title: Managing Partner Phone: (416) 860-0404 Email: gmatheson@questmindshare.com | Trade Payable | | | | $118,506.43 |
| 28 M3 USA Corporation 501 Office Center Drive Suite 410 Fort Washington, PA 19034 United States | Attn: Aki Tomaru Title: Chief Executive Officer Phone: (202) 293-2288 Email: atomaru@usa.m3.com | Trade Payable | | | | $114,911.00 |
| 29 TechGenies LLC 2100 N Greenville Ave Richardson, TX 75082 United States | Attn: Ahmad Al-Amine Title: CEO & Co-Founder Phone: (855) 643-6437 Email: aalamine@techgenies.com | Trade Payable | | | | $106,172.49 |
| 30 Shiftsmart Inc. C/O Michelman & Robinson, LLP Attn: Ashley N. Moore, Matthew E. Yarbrough 300 Crescent Court, Suite 1700 Dallas, TX 75229 United States | Attn: Aakash Kumar Title: Founder & Chief Executive Officer Phone: (817) 271-3604 Email: aakash@shiftsmart.com | Litigation | Contingent Unliquidated Disputed | | | Undetermined |

**OMNIBUS WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS OF EACH COMPANY SET FORTH ON**
**SCHEDULE I, SCHEDULE II, SCHEDULE III, SCHEDULE IV, AND SCHEDULE V**
**HERETO**

May 19, 2024

The undersigned, being (i) all of the members of the board of directors (in such capacity, the "Schedule I Directors") of the entity listed on Schedule I hereto (the "Schedule I Entity"), (ii) all of the members of the board of directors (in such capacity, the "Schedule II Directors") of each entity listed on Schedule II hereto (collectively, the "Schedule II Entities"), (iii) the sole  member of the board of directors (in such capacity, the "Schedule III Director") of the entity listed on Schedule III hereto (the "Schedule III Entity"), (iv) the sole member of the board of directors (in such capacity, the "Schedule IV Director") of the entity listed on Schedule IV hereto (the "Schedule IV Entity"), and (v) all of the members of the board of directors (in such capacity, the "Schedule V Directors") of the entity listed on Schedule V hereto (the "Schedule V Entity"), respectively, hereby consent, pursuant to the respective charters, bylaws, limited liability company agreements, or equivalent organizational documents of each of the Schedule I Entity, the Schedule II Entities, the Schedule III Entity, the Schedule IV Entity, and the Schedule V Entity and the relevant state-specific statutes, rules, and regulations applicable to each of the Schedule I Entity, the Schedule II Entities, the Schedule III Entity, the Schedule IV Entity, the Schedule V Entity, and the UK Subsidiary LLCs (as hereinafter defined) to the taking of the following actions and the adoption of the following resolutions without a meeting and agree that such actions and resolutions shall have the same force and effect as though taken and adopted at a meeting duly called and legally held.

**WHEREAS**, one of the Schedule II Entities, Dynata Holdings Corp., a Delaware corporation ("Dynata Corp"), is the sole member of SSI/Opinionology Interco LLC, a Delaware limited liability company ("Interco"), and Interco is, in turn, the sole member of SSI Holdings, LLC, a Delaware limited liability company ("SSI Holdings" and together with Interco, each, a "DCorp Subsidiary LLC" and jointly, the "DCorp Subsidiary LLCs");

**WHEREAS**, one of the Schedule II Entities, Dynata, LLC, a Delaware limited liability company ("DLLC"), is the sole member  of each of inBrain Holdings, LLC, a Georgia limited liability company ("inBrain Holdings"), and Imperium, LLC, a Connecticut limited liability company ("Imperium"), and inBrain Holdings is, in turn, the sole member of each of inBrain, LLC, a Georgia limited liability company ("inBrain"), Apps That Pay, LLC, a Georgia limited liability company ("Apps"), and ScreenLift.io, LLC, a Georgia limited liability company ("ScreenLift" and together with inBrain Holdings, Imperium, inBrain and Apps, each, a "DLLC Subsidiary LLC" and collectively, the "DLLC Subsidiary LLCs");

**WHEREAS**, the Schedule V Entity is the sole member of each of Research Now DE I, LLC, a Delaware limited liability company ("Research Now I"), and Research Now DE II, LLC, a Delaware limited liability company ("Research Now II" and together with Research Now I, each, a "UK Subsidiary LLC" and, collectively, the "UK Subsidiary LLCs"; and the UK

Subsidiary LLCs together with the Schedule I Entity, the Schedule II Entities, the Schedule III Entity, the Schedule IV Entity, the DCorp Subsidiary LLCs and the DLLC Subsidiary LLCs, each, a "<u>Company</u>" and, collectively, the "<u>Companies</u>");

**WHEREAS**, (i) the Schedule I Directors, acting on behalf of the Schedule I Entity, (ii) the Schedule II Directors, acting, as applicable, on behalf of (A) the Schedule II Entities, (B) DCorp (1) in DCorp's capacity as the sole member of Interco and (2) in DCorp's capacity as the sole member of Interco, acting on behalf of Interco in Interco's capacity as the sole member of SSI Holdings, and (C) DLLC (1) in DLLC's capacity as the sole member of each of inBrain Holdings and Imperium and (2) in DLLC's capacity as the sole member of inBrain Holdings, acting on behalf of inBrain Holdings, in inBrain Holdings' capacity as the sole member of each of inBrain, Apps, and ScreenLift, (iii) the Schedule III Director, acting on behalf of the Schedule III Entity, (iv) the Schedule IV Director, acting on behalf of the Schedule IV Entity, (v) the Schedule V Directors, acting on behalf of the Schedule V Entity in the Schedule V Entity's capacity as the sole member of each of the UK Subsidiary LLCs, have reviewed and considered the financial and operational condition of each Company and each Company's business on the date hereof, including the historical performance of each Company, the assets of each Company, the current and long-term liabilities of each Company, the market for each Company's assets, credit market conditions, and macroeconomic conditions impacting each Company;

**WHEREAS**, (i) the Schedule I Directors, acting on behalf of the Schedule I Entity, (ii) the Schedule II Directors, acting, as applicable, on behalf of (A) the Schedule II Entities, (B) DCorp (1) in DCorp's capacity as the sole member of Interco and (2) in DCorp's capacity as the sole member of Interco, acting on behalf of Interco in Interco's capacity as the sole member of SSI Holdings, and (C) DLLC (1) in DLLC's capacity as the sole member of each of inBrain Holdings and Imperium and (2) in DLLC's capacity as the sole member of inBrain Holdings, acting on behalf of inBrain Holdings in inBrain Holdings' capacity as the sole member of each of inBrain, Apps, and ScreenLift, (iii) the Schedule III Director, acting on behalf of the Schedule III Entity, (iv) the Schedule IV Director, acting on behalf of the Schedule IV Entity, and (v) the Schedule V Directors, acting on behalf of the Schedule V Entity in the Schedule V Entity's capacity as the sole member of each of the UK Subsidiary LLCs, have received, reviewed, and considered (i) the DIP Credit Agreement (as defined below), (ii) the RSA (as defined below), and (iii) the recommendations of the senior management of the Companies and the Companies' legal and financial advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>");

**WHEREAS**, (i) the Schedule I Directors, acting on behalf of the Schedule I Entity, (ii) the Schedule II Directors, acting, as applicable, on behalf of (A) the Schedule II Entities, (B) DCorp (1) in DCorp's capacity as the sole member of Interco and (2) in DCorp's capacity as the sole member of Interco, acting on behalf of Interco in Interco's capacity as the sole member of SSI Holdings, and (C) DLLC (1) in DLLC's capacity as the sole member of each of inBrain Holdings and Imperium and (2) in DLLC's capacity as the sole member of inBrain Holdings, acting on behalf of inBrain Holdings in inBrain Holdings' capacity as the sole member of each of inBrain, Apps, and ScreenLift, (iii) the Schedule III Director, acting on behalf of the Schedule III Entity, (iv) the Schedule IV Director, acting on behalf of the Schedule IV Entity, and (v) the

Schedule V Directors, acting on behalf of the Schedule V Entity in the Schedule V Entity's capacity as the sole member of each of the UK Subsidiary LLCs, have determined that it is in the best interests of each Company and each Company's stakeholders, creditors, and other interested parties to commence a case under the Bankruptcy Code; and

**WHEREAS**, (i) the Schedule II Directors, acting, as applicable, on behalf of (A) Research Now Group, LLC, a Delaware limited liability company ("RNG"), (B) DCorp (1) in DCorp's capacity as the sole member of Interco, (2) in DCorp's capacity as the sole member of Interco, acting on behalf of Interco in Interco's capacity as the sole member of SSI Holdings, and (3) in DCorp's capacity as the sole member of Interco, acting on behalf of Interco in Interco's capacity as the sole member of SSI Holdings, acting on behalf of SSI Holdings, in SSI Holdings' capacity as the sole member of DLLC, and (C) DLLC (1) in DLLC's capacity as the sole member of each of inBrain Holdings and Imperium and (2) in DLLC's capacity as the sole member of inBrain Holdings, acting on behalf of inBrain Holdings in inBrain Holdings' capacity as the sole member of each of inBrain, Apps, and ScreenLift and (ii) the Schedule V Directors, acting on behalf of the Schedule V Entity in the Schedule V Entity's capacity as the sole member of each of the UK Subsidiary LLCs, have determined that it is in the best interests of the respective members of each of RNG, the DCorp Subsidiary LLCs, the DLLC Subsidiary LLCs, and the UK Subsidiary LLCs (collectively, the "LLC Debtors") that the respective limited liability company agreements of each of the LLC Debtors, be amended as set forth herein.

**NOW, THEREFORE, BE IT:**

**Restructuring Support Agreement**

**RESOLVED**, that in the judgment of the Schedule I Directors, the Schedule II Directors, the Schedule III Director, the Schedule IV Director, and the Schedule V Directors, (i) the financial restructuring (the "Restructuring") pursuant to the terms of the Restructuring Support Agreement (the "RSA") is desirable and in the best interests of each of the respective Companies and (ii) the form, terms, and provisions of the RSA are hereby approved and adopted in all respects; and be it further

**RESOLVED**, that all actions previously taken by the respective officers, members, managers, or other authorized persons of each Company (each, an "Authorized Person" and collectively, the "Authorized Persons"), on behalf of each Company, with respect to the preparation and negotiation of the RSA be, and hereby are, approved, adopted, and ratified in all respects as the act and deed of such Company; and be it further

**RESOLVED**, that each Company is hereby authorized to (i) execute and deliver the RSA and related documents and instruments to which such Company is a party (collectively, the "RSA Documents"), (ii) perform such Company's obligations thereunder, and (iii) take all actions contemplated thereby; and be it further

**RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized and directed to execute and deliver the RSA Documents in the name and on behalf of the respective Companies, and to

perform the obligations of the respective Companies thereunder with such changes and additions as any such Authorized Person may, in such Authorized Person's sole discretion, deem necessary or advisable; such approval to be conclusively evidenced by such Authorized Person's signature thereon; and be it further

**RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized and directed in the name and on behalf of the respective Companies, to negotiate, execute and deliver the RSA Documents and such other documents as may be necessary to effectuate the transactions contemplated thereby, in such form and with such terms and conditions, as any such Authorized Person shall, in such Authorized Person's sole discretion, approve, the execution and delivery by such Authorized Person to be conclusive evidence of the approval thereof by such Authorized Person; and be it further

### Commencement and Prosecution of the Bankruptcy Case

**RESOLVED**, that, in the judgment of the Schedule I Directors, the Schedule II Directors, the Schedule III Director, the Schedule IV Director, and the Schedule V Directors, it is desirable and in the best interests of each Company, its creditors, stockholders, members, and other interested parties that a voluntary petition (each, a "<u>Petition</u>" and collectively, the "<u>Petitions</u>") be filed by each Company in the United States Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") commencing cases (each, a "<u>Bankruptcy Case</u>" and collectively, the "<u>Bankruptcy Cases</u>") under the provisions of chapter 11 of the Bankruptcy Code; and be it further

**RESOLVED**, that the filing of voluntary Petitions on behalf of the Companies be, and hereby is, approved, authorized, and adopted in all respects and that each Company's Authorized Persons be, and each of them, acting alone or in any combination, hereby is, authorized, empowered and directed on behalf of such Company, to execute, acknowledge, deliver, and verify the Petitions and to cause the same to be filed with the Bankruptcy Court at such time and in such form as the Authorized Persons may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of the Petitions with the Bankruptcy Court); and be it further

**RESOLVED**, that the respective Authorized Persons of each Company, on behalf of the respective Companies be, and each of them, acting alone or in any combination, hereby is, authorized to (a) execute and file the Petitions, lists, motions, applications, pleadings, declarations, and other papers that the Authorized Persons may determine necessary or proper in connection with such chapter 11 cases, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petitions and to administer the Bankruptcy Cases in such form or forms as the Authorized Persons may determine are necessary or proper in order to effectuate the foregoing resolutions, (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as the Authorized Persons determine necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing, acknowledging, delivering, verifying, or engaging thereof by the Authorized Persons; and be it further

**RESOLVED**, that the respective Authorized Persons of each Company, on behalf of the respective Companies be, and each of them, acting alone or in any combination, hereby is, authorized to execute and file the plan of reorganization (the "<u>Plan</u>"), the disclosure statement (the "<u>Disclosure Statement</u>"), and any related documents such as motions, supplements, projections, analyses, and other pleadings that the Authorized Persons may determine are necessary or proper in connection with filing the Plan and the Disclosure Statement; and be it further

## <u>Retention of Professionals</u>

**RESOLVED**, that the law firm of Willkie Farr & Gallagher LLP ("<u>Willkie</u>"), located at 787 Seventh Avenue, New York, NY 10019, be, and hereby is, authorized, directed, and empowered to represent each Company as general bankruptcy counsel, to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of its Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Willkie; and be it further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>"), located at Rodney Square, 1000 North King Street, Wilmington, DE 19801, shall be, and hereby is, authorized, directed, and empowered to represent each Company as Delaware bankruptcy counsel, to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights, including the preparation of pleadings and filings in its Bankruptcy Case; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of its Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and be it further

**RESOLVED**, that Alvarez & Marsal North America, LLC ("<u>Alvarez</u>"), located at 755 W. Big Beaver Road, Suite 650, Troy, MI 48084, shall be, and hereby is, authorized, directed, and empowered to provide to each Company restructuring advisors to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations in connection with its Bankruptcy Case; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of its Bankruptcy Case, and to cause to be filed an appropriate motion or application for authority to retain the services of Alvarez; and be it further

**RESOLVED**, that Houlihan Lokey, Inc. ("Houlihan"), located at 245 Park Avenue, New York, NY 10167, shall be, and hereby is, authorized, directed, and empowered to serve as investment banker to represent and assist each Company in connection with the potential restructuring of each such Company's business and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each such Company's rights and obligations in connection with its Bankruptcy Case; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of its Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Houlihan; and be it further

**RESOLVED**, that Kroll Restructuring Administration LLC ("Kroll" and together with Willkie, Young Conaway, Alvarez, and Houlihan, collectively, the "Advisors"), located at 55 East 52nd Street, 17th Floor, New York, NY 10055, shall be, and hereby is, authorized, directed, and empowered to serve as the notice, claims, solicitation, and balloting agent in connection with the Bankruptcy Cases; and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of its Bankruptcy Case, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and be it further

**RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of the Companies, to employ any other individual or firm as professionals, or consultants, financial advisors, or investment bankers to each respective Company as deemed necessary to represent and assist such Company in carrying out its duties under the Bankruptcy Code, and in connection therewith, the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of its Bankruptcy Case, and to cause to be filed an appropriate application or motion for authority to retain the services of such individual or firm; and be it further

**RESOLVED**, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advance the Companies' rights and obligations and facilitate the Bankruptcy Cases; and be it further

## Postpetition Financing Process

**RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of the each of the respective Companies, that certain credit agreement (the "DIP Credit Agreement" and, together with any other documents related to the debtor in possession

financing, the "DIP Documents"), including, without limitation, any agreements, instruments, questionnaires, papers or writings, as such Authorized Persons determine are necessary, convenient, advisable, appropriate or desirable to effect the execution, delivery and performance of the DIP Credit Agreement and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith, in each case, with such changes, additions, modifications, and terms as any such Authorized Persons executing the DIP Documents shall approve, with such Authorized Person's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications, substitutions and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and be it further

**RESOLVED**, that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, for and on behalf of and in the name of each of the respective Companies to assign, hypothecate, set over, grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of the Companies, real, personal or mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the Administrative Agent (as defined in the DIP Documents) as security for the obligations under the DIP Credit Agreement and the other DIP Documents; and be it further

**RESOLVED**, that in connection with the Bankruptcy Cases, the respective Authorized Persons of each Company shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to negotiate, execute, and deliver agreements for the use of cash collateral in connection with the Bankruptcy Cases, which agreement(s) may require the Companies to acknowledge the debt and liens of existing loans, grant liens, and pay interest to the Companies' existing lender(s) on terms substantially similar to those described or provided to the Schedule I Directors, the Schedule II Directors, the Schedule III Director, the Schedule IV Director, and the Schedule V Directors; and in connection therewith, the respective Authorized Persons of each Company are hereby authorized and directed to execute appropriate agreements and related ancillary documents; and be it further

**RESOLVED**, that, in connection with the Bankruptcy Cases, the respective Authorized Persons of each Company shall be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for postpetition financing on terms substantially similar to those described or provided to the Schedule I Directors, the Schedule II Directors, the Schedule III Director, the Schedule IV Director, and the Schedule V Directors; (b) pledge and grant liens on the Companies'

assets as may be contemplated by or required under the terms of such postpetition financing; or (c) execute, deliver, verify, and file, as applicable, or cause to be  executed, delivered, verified, or filed, and to amend, supplement, or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, postpetition financing documents, and loan agreements (including any ancillary documents thereto) in such form as such Authorized Persons may approve, and to take any and all actions that such Authorized Persons determine advisable, necessary, or appropriate in connection with any postpetition financing or any cash collateral usage contemplated hereby or thereby (such approval and the approval of the Schedule I Directors, the Schedule II Directors, the Schedule III Director, the Schedule IV Director, and the Schedule V Directors to be conclusively evidenced by the execution thereof or the taking of such action by such Authorized Persons); and be it further

## Amendment of Limited Liability Company Agreements

**RESOLVED**, that(i) the Schedule II Directors, acting, as applicable, on behalf of (A) RNG, (B) DCorp (1) in DCorp's capacity as the sole member of Interco, (2) in DCorp's capacity as the sole member of Interco, acting on behalf of Interco in Interco's capacity as the sole member of SSI Holdings, and (3) in DCorp's capacity as the sole member of Interco, acting on behalf of Interco in Interco's capacity as the sole member of SSI Holdings, acting on behalf of SSI Holdings, in SSI Holdings' capacity as the sole member of DLLC, and (C) DLLC (1) in DLLC's capacity as the sole member of each of inBrain Holdings and Imperium and (2) in DLLC's capacity as the sole member of inBrain Holdings, acting on behalf of inBrain Holdings in inBrain Holdings' capacity as the sole member of each of inBrain, Apps, and ScreenLift and (ii) the Schedule V Directors, acting on behalf of the Schedule V Entity in the Schedule V Entity's capacity as the sole member of each of the UK Subsidiary LLCs, consent to the amendment of the limited liability company agreement (each, an "LLC Agreement") of each Debtor LLC, and that the LLC Agreement of each Debtor LLC is hereby amended by adding the following provision at the end thereof:

"Events of Bankruptcy.  Notwithstanding any provision hereof to the contrary, under no circumstances shall any event of bankruptcy on the part of any Member, including, without limitation, any of the events listed in Section 18-304 of the Delaware Limited Liability Company Act (6 Del. C. § 18-101 et seq.), as amended from time to time, cause any Member to cease to be a member of the Company.  In addition, notwithstanding any provision hereof to the contrary, the Company may put into effect and carry out any decrees and orders of a court or judge having jurisdiction over a proceeding pursuant to the Federal Bankruptcy Code, 11 U.S.C. §§ 101–1532, or any successor statute, in which proceeding an order for relief has been entered with respect to the Company, and may take any action provided or directed by such decrees and orders, in each case without a vote or other consent or approval by any Member."

and it is further

8

**General Resolutions**

**RESOLVED,** that the respective Authorized Persons of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to negotiate, execute, deliver, and perform on behalf of the Companies such actions and execute, acknowledge, deliver, and verify such agreements, certificates, instruments, guaranties, notices, and any and all other documents, and to amend, supplement, or otherwise modify from time to time agreements, certificates, instruments, guaranties, notices, and all other documents, including, without limitation, affidavits, schedules, motions, pleadings, and other documents, agreements, and papers, in such form as such Authorized Persons may approve, and to take any and all actions that such Authorized Persons determine advisable, necessary, or appropriate in connection with the Bankruptcy Cases or as such Authorized Persons may deem necessary or proper to facilitate the transactions contemplated by these resolutions (such approval and the approval of the Schedule I Directors, the Schedule II Directors, the Schedule III Director, the Schedule IV Director, and the Schedule V Directors to be conclusively evidenced by the execution thereof or the taking of such action by such Authorized Persons); and be it further

**RESOLVED**, that all acts done or actions taken prior to the date hereof by the respective Authorized Persons of each Company or any professionals engaged by the Companies with respect to any transactions contemplated by the foregoing resolutions, or otherwise in preparation for or in connection with the Bankruptcy Cases, or any proceedings related thereto, or any matter related thereto, be and hereby are, adopted, approved, authorized, ratified, and confirmed in all respects as the acts and deeds of the Companies; and be it further

**RESOLVED**, that this consent shall be delivered to each of the Companies and shall be filed with the minutes of proceedings of the board of directors, managers, and members, as applicable, and the books and records of each Company; and be it further

**RESOLVED**, that facsimile, photostatic copies of, or other electronic generated signatures to this consent shall be deemed to be originals and may be relied on to the same extent as the originals; and it is further

**RESOLVED**, this this consent may be executed in multiple counterparts, all of which, taken together, shall constitute one and the same document, and shall be effective as of the date first written above when signed by all of the members of the boards of directors set forth below.

[Signature Page Follows]

**IN WITNESS WHEREOF,** the undersigned hereunto set their names as of the date first above written.

SCHEDULE I DIRECTORS:

_____
Name: MICHAEL PETRULLO

_____
Name: DAVID EATON

_____
Name: GARY GREENFIELD

_____
Name: MICHAEL DELANEY

_____
Name: KEVIN WHITE

_____
Name: MATTHEW ROESCH

_____
Name: STEVEN LEISTNER

_____
Name: J. STEVEN YOUNG

*[Signature Page to Dynata Omnibus Written Consent – Ch. 11 Filing]*

**IN WITNESS WHEREOF**, the undersigned hereunto set their names as of the date first above written.

**SCHEDULE I DIRECTORS:**

_____
Name: MICHAEL PETRULLO

_____
Name: DAVID EATON

_____
Name: GARY GREENFIELD

_____
Name: MICHAEL DELANEY

_____
Name: KEVIN WHITE

_____
Name: MATTHEW ROESCH

_____
Name: STEVEN LEISTNER

_____
Name: J. STEVEN YOUNG

**IN WITNESS WHEREOF**, the undersigned hereunto set their names as of the date first above written.

### SCHEDULE I DIRECTORS:

_____
Name: MICHAEL PETRULLO

_____
Name: DAVID EATON

_____
Name: GARY GREENFIELD

_____
Name: MICHAEL DELANEY

_____
Name: KEVIN WHITE

_____
Name: MATTHEW ROESCH

_____
Name: STEVEN LEISTNER

_____
Name: J. STEVEN YOUNG

**SCHEDULE II DIRECTORS:**

DocuSigned by:

*Michael Delaney*

586615C78FE5487...

Name: MICHAEL DELANEY

DocuSigned by:

*Kevin White*

4CBC1B2C7CAC444...

Name: KEVIN WHITE

DocuSigned by:

*Steven Leistner*

9B68FDA0BA9449B...

Name: STEVEN LEISTNER

*[Signature Page to Dynata Omnibus Written Consent – Ch. 11 Filing]*

**SCHEDULE III DIRECTOR:**

DocuSigned by:

*Kevin White*

4CBC1B2C7CAC444...

Name: KEVIN WHITE

**SCHEDULE IV DIRECTOR:**

DocuSigned by:

*Steven Leistner*

9B68FDA0BA9449B...

Name: STEVEN LEISTNER

**SCHEDULE V DIRECTORS:**

Name: JEREMY PAUL SUMMERFIELD

Name: STEVEN JAMES MACRI

## **Schedule I**

New Insight Holdings, Inc.

**<u>SCHEDULE II</u>**

New Insight Intermediate Holdings, Inc.
iPinion, Inc.
New Insight International, Inc.
Research Now, Inc.
Dynata Holdings Corp.
Research Now Group, LLC
Dynata, LLC

## **SCHEDULE III**

Instantly, Inc.

## SCHEDULE IV

Branded Research, Inc.

## SCHEDULE V

Dynata Global UK Limited

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| DYNATA, LLC, *et al.*,[1] | Case No. 24-_____ (   ) |
| Debtors. | (Joint Administration Requested) |

## COMBINED CORPORATE OWNERSHIP STATEMENT
## AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, the above-captioned debtors and debtors in possession (each, a "Debtor") hereby state as follows:

1. The following entities own 10% or more of the outstanding equity interests in Debtor, New Insight Holdings, Inc.

| Equity Holder | Shares (%) |
|---|---|
| HGGC Saber Topco LLC | 40.0% |
| Insight Holdings (DE), LP | 60.0% |

2. Debtor New Insight Holdings, Inc. owns 100% of the equity interests in Debtor New Insight Intermediate Holdings, Inc.

3. Debtor New Insight Intermediate Holdings, Inc. owns 100% of the equity interests in the following Debtors:

   a. Dynata Holdings Corp.

   b. Instantly, Inc.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Dynata, LLC (8807), New Insight Holdings, Inc. (1844), New Insight Intermediate Holdings, Inc. (6495), Dynata Holdings Corp. (0668), Research Now Group, LLC (7588), SSI/Opiniology Interco LLC (1855), iPinion, Inc. (9463), Research Now, Inc. (5523), SSI Holdings, LLC (6379), New Insight International, Inc. (0453), Imperium LLC (8375), inBrain, LLC (8031), Apps That Pay, LLC (9028), inBrain Holdings, LLC (9696), Branded Research, Inc. (9577), Screenlift.io, LLC, Research Now DE I, LLC (5528), Research Now DE II, LLC (5613), and Instantly, Inc. (6756). The Debtors' headquarters is located at 4 Research Drive, Suite 300, Shelton, CT 06484.

4. Debtor Dynata Holdings Corp. owns 100% of the equity interests in the following Debtors:

   a. Research Now Group, LLC

   b. SSI/Opiniology Interco LLC

5. Debtor Research Now Group, LLC owns 100% of the equity interests in the following Debtors:

   a. iPinion, Inc.

   b. Research Now, Inc.

6. Debtor SSI/Opiniology Interco LLC owns 100% of the equity interests in Debtor SSI Holdings, LLC.

7. Debtor SSI Holdings, LLC owns 100% of the equity interests in Debtor Dynata, LLC.

8. Debtor Dynata LLC owns 100% of the equity interests in the following Debtors:

   a. New Insight International, Inc.

   b. inBrain Holdings, LLC

   c. Imperium, LLC

   d. Branded Research Inc.

9. Debtor inBrain Holdings, LLC owns 100% of the equity interests in the following Debtors:

   a. inBrain, LLC

   b. Apps That Pay, LLC

   c. ScreenLift.io, LLC

10. Debtor New Insight International, Inc. owns 100% of the equity interests in non-Debtor e-Rewards Bidco Limited, which owns 100% of the equity interests in non-Debtor Dynata Global UK Limited, which owns 100% of the equity interests in the following Debtors:

   a. Research Now DE I, LLC

   b. Research Now DE II, LLC

**Fill in this information to identify the case and this filing:**

Debtor Name _Instantly, Inc._

United States Bankruptcy Court for the: _____ District of _Delaware_
(State)

Case number (*If known*): _24 - _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ *Other document that requires a declaration* _Combined Corporate Ownership Statement and List of Equity Security Holders_

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _5/22/2024_      _/s/ Steven Macri_____
       MM / DD / YYYY         Signature of individual signing on behalf of debtor

                            Steven Macri
                            Printed name

                            Chief Financial Officer
                            Position or relationship to debtor